UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOY MASON as the Administratix of the
Estate of GERMINE FORRESTER, and
JOY MASON, individually

                Plaintiff,

   -against-

JOHN DINEEN , ROBERT DINEEN, Jr.,
and MAY RYAN, LLC., doing business as
MICHAEL ANTHONY'S RESTAURANT

                Defendants.

-----------------------------------------------------------x

**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 1 2011 ★

**COMPLAINT**

BROOKLYN OFFICE

Docket No.: CV11-00149

AMON, J.

REYES, M.J

      Plaintiff, JOY MASON as Administratix of the Estate of GERMINE FORRESTER, complaining of the defendants, JOHN DINEEN , ROBERT DINEEN, Jr. and MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT respectfully allege upon information and belief as follows:

### NATURE OF ACTION

1.      This is an action for personal injuries as a result of a motor vehicle accident in which decedant, GERMINE FORRESTER, was a pedestrian who was struck by a motor vehicle driven by defendant JOHN DINEEN and owned by defendant, ROBERT DINEEN, Jr. a claim is being made against, defendant, MAY RYAN, LLC., d/b/a MICHAEL ANTHONY'S RESTAURANT under the New Jersey Licensed Alcoholic

Beverage Server Fair Liability Act N.J.S.A 2A:22A-1 et seq, also known as the Dram Shop Act for continuing to serve defendant, JOHN DINEEN alcoholic beverages, an intoxicated person, and that the vehicle driven by defendant, JOHN DINEEN while intoxicatedresulted in the death of decedent, GERMINE FORRESTER.

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this action pursuant to 28 USC Section 1332 (a) in that there is a complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs exceeds the sum of $ 150,000.00.

   3. Venue lies in the district pursuant to 28 U.S.C. Section 1391 (a) as defendants are subject to personal jurisdiction of this Court pursuant to a diversity of citizenship of the parties.

## PARTIES

4.      That at all times hereinafter mentioned, Plaintiff, JOY MASON, was appointed Administratix of the Estate of GERMINE FORRESTER, deceased, by Letters of Administration dated November 15, 2010 by order of the Honorable Robert L. Nahman, the Surrogate in and for the County of Queens.

5. That at all times hereinafter mentioned, Plaintiff, JOY MASON, as Administratix of the Estate of GERMINE FORRESTER, deceased, was and still is a resident of the County of Queens, City and State of New York.

6. That at all times hereinafter mentioned, Defendant, JOHN DINEEN, was and is a resident of the State of New Jersey.

7. That at all times hereinafter mentioned, Defendant, ROBERT DINEEN, Jr., was and is a resident of the State of New Jersey.

8. That at all times hereinafter mentioned, defendant, ROBERT DINEEN, Jr., owned a motor vehicle bearing New Jersey Vehicle Identification number JT3HT05J3x0037814 and New Jersey license plate number SF718T.

9. That at all times hereinafter mentioned, defendant, JOHN DINEEN operated a motor vehicle bearing New Jersey Vehicle Identification number JT3HT05J3x0037814 and New Jersey license plate number SF718T.

10. That at all times hereinafter mentioned, defendant, JOHN DINEEN controlled a motor vehicle bearing New Jersey Vehicle Identification number JT3HT05J3x0037814 and New Jersey license plate number SF718T.

11. That at all times hereinafter mentioned, defendant, JOHN DINEEN operated said motor vehicle bearing New Jersey Vehicle Identification number JT3HT05J3x0037814 and New Jersey license plate number SF718T with the knowledge and consent and permission of the owner

12. That defendant, MAY RYAN, LLC., d/b/a as MICHAEL ANTHONY's RESTAURANT is a restaurant and bar licensed by The New Jersey State Bureau of Alcohol and Beverages with authority vested by the State of New Jersey to sell alcoholic beverages.

13. That at all times mentioned, decedent, GERMINE FORRESTER, was lawfully present as a pedestrian at Bevan Street-State Highway Route 139, Jersey City, New Jersey crossing said intersection with the right of way.

## BACKGROUND

14. That on July 15, 2010 and at all times hereinafter mentioned, Bevan Street and State Highway Route 139 in Jersey City, New Jersey is a public roadway and/or thoroughfare.

15. That on July 15, 2010 defendant, JOHN DINEEN was operating a motor vehicle with New Jersey Vehicle Identification number JT3HT05J3x0037814.

16. That on July 15, 2010, decedant, GERMINE G. FORRESTER, as lawful pedestrian at intersection of Bevan Street and State Highway Route 139 in Jersey City, New Jersey was struck and killed by a motor vehicle operated by defendant JOHN DINEEN and owned by defendant, ROBERT DINEEN, Jr., bearing New Jersey Vehicle Identification JT3HT05J3X0037814.

17. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the decedant, GERMINE G. FORRESTER, contributing thereto.

18. That for several hours prior to the accident on July 15, 2010, defendant, JOHN DINEEN was a patron of MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT wherein defendant, JOHN DINEEN, consumed alcoholic beverages for several hours and that the staff of MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT knew defendant, JOHN DINEEN to be intoxicated and continued to serve him alcoholic beverages and that defendants, MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT, it's employees and staff knew JOHN DINEEN was operating a motor vehicle while intoxicated and that the motor vehicle struck decedant, GERMINE G. FORRESTER causing his death.

19. That the defendants, ROBERT DINEEN, Jr. and JOHN DINEEN were negligent and careless, in the ownership, management, maintenance, supervision, use and control of the aforesaid vehicle and used said vehicle in a negligent and careless manner in violation of the laws, statutes, and ordinances, and defendants were otherwise negligent.

20. That defendant, MAY RYAN, LLC., doing business as MICHAEL ANTHONY's RESTAURANT is liable under The New Jersey Licensed Alcoholic Beverage Server Fair Liability Act N.J.S.A. 2A-22A-1, et seq. also known as the Dram Shop Act wherein it is the responsibility of the Tavern owner who sells alcohol to an intoxicated person who then causes harm to another, inter alia, serving excessive amounts of alcohol to defendant, JOHN DINEEN, who therein struck decedent, GERMINE G. FORRESTER, which resulted in his death.

### AS AND FOR A CAUSE OF ACTION FOR WRONGFUL DEATH BY JOY MASON AS ADMINISTRATIX OF THE ESTATE OF GERMINE G. FORRESTER, DECEASED

21. The plaintiff repeats and realleges each and every allegation se forth numbered "1" through "20" with the same force and effect as if more fully set forth at length herein.

22. That by reason of the foregoing, decedent, GERMINE G. FORRESTER sustained severe and permanent injuries resulting in his death.

23. That JOY MASON, as Administratix of the Estate of GERMINE G. FORRESTER, deceased, sets forth a claim on behalf of the decedent for serious injuries which resulted in decedent's death in which there is no limitation of liability threshold under the New Jersey State Automobile Cost Reduction Act (AILRA, 1989)

24. Plaintiff, JOY MASON, as Administratix of the Estate of GERMINE G. FORRESTER, deceased sustained serious injuries, namely death, and thus economic loss greater than basic economic loss as to satisfy the exceptions the New Jersey State Automobile Insurance Cost Reduction Act (AILRA of 1989.)

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF JOY MASON AS ADMINISTRATIX
OF THE ESTATE OF GERMINE G. FORRESTER
DECEASED FOR PUNITIVE DAMAGES**

25. That plaintiff repeats and realleges each and every allegation set forth above Numbered "1" through "24" as if fully set forth herein.

26. The actions of all defendants herein above alleged, were malicious, willful and grossly negligent.

27. The defendant, ROBERT DINEEN, Jr., authorized, permitted and ratified the unlawful and negligent acts of defendant, JOHN DINEEN.

28. That defendant, MAY RYAN LLC., doing business as MICHAEL ANTHONY'S RESTAURANT, it's agents, employees tavern managers and tavern owners actions were willfull, malicious and grossly negligent pursuant to guidelines of The New Jersey Licensed Alcoholic Beverage Server Fair Liability Act N.J.S.A. 2a-22A-1 also known as the Dram Shop Act by selling alcohol to an intoxicated person who then causes harm to another, inter alia, serving excessive amounts of alcohol to defendant, JOHN DINEEN, who therein struck decedant, GERMINE G. FORRESTER, which resulted in his death.

29. By reason of the foregoing, JOY MASON as Administratix of the Estate of GERMINE G. FORRESTER, deceased, demands judgment for punitive damages against the defendants, ROBERT DINEEN, Jr., JOHN DINEEN and MAY RYAN, LLC., doing business as MICHAEL ANTHONY's RESTAURANT.

**AS AND FOR A THIRD CAUSE OF ACTION BY
JOY MASON as ADMINISTRATIX OF THE ESTATE
OF GERMINE G. FORRESTER, deceased, AGAINST
MAY RYAN , LLC., doing business as MICHAEL ANTHONY'S
RESTAURANT FOR LIABILITY UNDER
THE NEW JERSEY ALCOHOLIC BEVERAGE SERVER
<u>FAIR LIABILITY ACT or DRAM SHOP ACT.</u>**

30. That plaintiff, JOY MASON, as the ADMINISTRATIX OF THE ESTATEOF GERMINE G. FORRESTER, deceased, repeats and realleges paragraphs numbered "1" through "29" as if fully set forth herein.

31. On July 15, 2010 defendant, JOHN DINEEN was a patron at defendant, MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT wherein defendant JOHN DINEEN consumed excessive amounts of alcoholic beverages and that the tavern owner, agents and employees continued to serve an intoxicated person namely defendant, JOHN DINEEN.

32. That the agents, employees and tavern owner of MAY RYAN LLC, doing business as MICHAEL ANTHONY's RESTAURANT knew that defendant, JOHN DINEEN was intoxicated and that he exited the bar and operated a motor vehicle which caused the death of decedant, GERMINE G. FORRESTER.

33. That under The New Jersey Licensed Alcoholic Beverage Server Fair LiabilityAct N.J.S.A. 2A:22A-1 et. seq., also known as the Dram Shop Act, it is the Responsibility of the tavern owner to cease serving an individual who appears visibly intoxicated who then causes harm to others, in the instant action, defendant, JOHN DINEEN a patron of MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT and upon leaving the tavern caused harm to another by striking decedant, GERMINE G. FORRESTER with his motor vehicle causing his death.

WHEREFORE, plaintiff, JOY MASON as ADMINISTRATIX OF THE ESTATE OF GERMINE G. FORRESTER and JOY MASON, individually, demands judgment on all causes of action, including punitive damages, in an amount exceeding the jurisdictional sum against the defendants, JOHN DINEEN , ROBERT DINEEN, Jr. and MAY RYAN, LLC., doing business as MICHAEL ANTHONY'S RESTAURANT together with attorneys fees and costs and disbursements in this action.

DATED: NEW YORK, NEW YORK
January 10, 2011

Respectfully Submitted:

EBANKS & SATTLER, LLP.

By: _____
ADAM B. SATTLER (AS 1334 )
20 Vesey Street, Suite 503
New York, New York 10007
212-766-4411