## MALOOF, LEBOWITZ, CONNAHAN & OLESKE

JACK A. MALOOF•*
ALAN R. LEBOWITZ•*
MATTHEW J. CONNAHAN
JERALD F. OLESKE•
CHRISTOPHER G. MEIKLE▫
CAMILLE JOSEPH KASSAR•
CHARLES J. GAYNER•

DENNIS J. LOFFREDO▫
KRISTEN A. DUESEL•
BRIAN A. MALOOF•
IAN J. ANTONOFF•
HILLARY C. KRUGER
MICHAEL S. COHEN
DAVID T. ERCOLANO*

OF COUNSEL
ROBERT M. BRIGANTIC•
THERESE M. HOUGH•
ROBERT J. MALOOF

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
127 MAIN STREET (ROUTE 124)
CHATHAM, NEW JERSEY 07928
(973) 635-9200
FAX: (973) 635-2270

E-mail:  jmaloof@mlcolaw.com

**Writer's Direct Dial:**
**973-665-7500**

299 BROADWAY, SUITE 1605
NEW YORK, NEW YORK 10007
TEL: (212) 233-3079
FAX: (212) 233-3984

98 EAST WATER STREET
TOMS RIVER, NEW JERSEY 08753
TEL: (732) 244-8316
FAX: (732) 244-0505

* Certified Civil Trial Attorney by
Supreme Court of New Jersey
• NJ & NY Bars
▫ NJ & PA Bars
▫ NJ, NY & CT Bars
• NJ & FL Bars

*REPLY TO CHATHAM*

OUR FILE NO. 39324.00-1

May 26, 2011

### Via Facsimile (6 pages) & E-Filing to All Parties

Honorable Michael A. Shipp, U.S.M.J.
***United States District Court***
***For the District of New Jersey***
Martin Luther King Building
50 Walnut Street Newark, NJ  07101-0999

>         RE:   **JOY MASON ET AL VS. JOHN DINEEN ET AL**
>               Docket No.:  2:11-CV-1176-SRC

Dear Judge Shipp:

Pursuant to my secretary's telephone conversation with Chrishana, attached please find plaintiff's correspondence dated May 13, 2011 and co-defendant's correspondence dated May 10, 2011.

Thank you.

Respectfully submitted,

**JACK A. MALOOF**

JAM/kb
cc:   Adam B. Sattler, Esq.
      Thomas W. Matthews, Esq.

39324

# EBANKS & SATTLER, LLP
ATTORNEYS AT LAW
20 VESEY STREET, SUITE 503
NEW YORK, NEW YORK 10007
(212) 766-4411
FACSIMILE
(212) 766-5899
www.ebsnlaw.com

ADAM B. SATTLER
ALBERTO A. EBANKS
MATTHEW B. WALLER

OF COUNSEL
RICHARD A. DIENST
ERICA B. SATTLER
STEPHEN A. RICCI
MARSHALL R. ISAACS

May 13, 2011

Via Fax ONLY to (973) 645-4412
Hon. Michael A. Shipp
United States Magistrate Judge
District of New Jersey
United States District Court
Newark, NJ 07101

Re:    Mason v. Dineen, et. al.
       Case # 11-CV-01176

Dear Magistrate Judge Shipp:

Please accept this correspondence in response to the letter received from Thomas Matthews, Esq. related to the above matter. It was agreed by counsel that Mr. Matthews would put his position in writing to the Court after our joint telephone conference earlier this week.

This office represents the Plaintiff, Joy Mason in the above matter. Ms. Mason is the Administratrix of the Estate of her late son Germine Forrester. Germine was killed July 15, 2010 when he was struck by the vehicle being driven by John Dineen and owned by his uncle, Robert Dineen (both are defendants in this matter). The last defendant in this matter is May Ryan LLC the bar/restaurant where it is alleged that the staff continued to serve Mr. Dineen alcoholic beverages in violation of the New Jersey Dram Shop Act.

Defendant John Dineen is, in fact, facing criminal charges stemming from this incident. It is my understanding that he has been indicted by a Hudson County grand jury on multiple charges.

Defendants Robert Dineen and May Ryan LLC are not facing any collateral criminal consequences and have no right to apply to this Court for a stay of the instant proceedings. Defendant John Dineen is free to speak to Mr. Matthews about the incident without fear of abridging any of his constitutional rights and he may assist his attorney in the discovery process as same relates to himself, the incident, as well as the other defendants. Document discovery may proceed as usual. In fact, the only discovery that may be impeded at this time is Robert Dineen's right not to incriminate himself if asked to testify under oath at a deposition.

Hon. Michael A. Shipp, USMJ
May 13, 2011
page 2

Based upon the foregoing, Plaintiff requests that discovery be allowed to proceed in this matter with any limitations as same relates to defendant John Dineen, to be set forth by the Court. As the initial conference is now approximately only 2 weeks away, I propose that all counsel appear on that date to address the issues raised herein.

Very truly yours,

EBANKS & SATTLER LLP

ADAM B. SATTLER

ABS:lk

cc:    Jack F. Maloof, Esq.- via facsimile 973-635-2270
       Thomas W. Matthew, Esq. via facsimile 973-364-1073

# FAX COVER SHEET



**EBANKS & SATTLER, LLP**
ATTORNEYS AT LAW
20 Vesey Street, Suite 503
New York, New York 10007
TEL: (212) 766-4411
FAX: (212) 766-5899
WWW.EBSALAW.COM

| | |
|---|---|
| TO: Hon. Michael A. Shipp, USMJ | FROM: Adam Sattler (AS1334) |
| ATTN: | DATE: 5-13-11 |
| FAX NO: 973-645-4412 | TEL. NO.: 212-766-4411 |
| Re: Mason V. Pineen et al. | No. PAGES (Incl. Cover sheet): 3 PGS |

11-CV-01176

☐ URGENT  ☒ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Recycle

**COMMENTS:**

PLEASE SEE Letter to follow.

CC: T. Matthews, Esq. (via fax)
J. Maloof, Esq.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law and/or protected by the attorney-client privilege. If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or the taking of any action in reliance on the contents of the information of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, and arrange to return the original message to the above address via the U.S. Postal Service. Thank You.

CONFIDENTIAL - PLEASE FORWARD IMMEDIATELY

**Law Offices**

## SORIANO, HENKEL, BIEHL & MATTHEWS

William J. Soriano
Frederick C. Biehl, III
Thomas W. Matthews
Peter DeSalvo, Jr.
James G. Gelenitis

A Professional Corporation

**75 Eisenhower Parkway**
**Suite 110**
**Roseland, New Jersey 07068-1693**

(973) 364-0111

Fax (973) 364-1073

OF COUNSEL

George B. Henkel

May 10, 2011

Honorable Michael A. Shipp, U.S.M.J.
District of New Jersey
United States District Court
50 Walnut Street
Newark, New Jersey 07101

> RE:  **Mason vs. Dineen, et al.**
>      **Docket No. 2:11-CV-1176-SRC**
>      **Our File No. ND 9056**

Dear Magistrate Judge Shipp:

As you are aware from previous correspondence, I represent the defendants, Dineen, in the above matter. This case was recently transferred to the Federal District Court for the District of New Jersey from New York. By way of background this suit arises out of a motor vehicle accident which occurred on July 15, 2010. It is alleged that the decedent, Germine Forrester was killed as a result of the negligent operation of a motor vehicle by John Dineen. The Complaint alleges that Mr. Dineen was intoxicated at the time of the accident, and that he was served alcoholic beverages by the defendant, May Ryan, LLC, doing business as Michael Anthony's Restaurant.

You have scheduled this matter for a scheduling conference on June 1, 2011. You have provided counsel with documents in order to enable parties to prepare a proposed discovery plan to be executed by Your Honor at the conference. The attorneys conducted a telephone conference on May 9, 2011 to discuss the proposed Scheduling Order. As a result of that conference I am writing to you to discuss some issues with respect to the case, and to ask Your Honor to schedule a conference to address these issues, prior to the scheduling conference.

My client faces criminal charges as a result of the motor vehicle accident. It is my understanding that a Grand Jury has not yet acted upon the charges that have been filed against him. It is

Honorable Michael A. Shipp, U.S.M.J.
May 10, 2011
Page 2

my understanding that the Grand Jury will meet within the next
several weeks to address these issues. Based upon that I have been
advised by my client's criminal attorney that my client cannot
assist me in providing discovery with respect to the civil
proceedings, and has requested that I seek a stay of any discovery
from Mr. Dineen while the criminal charges are pending against him.
Obviously, Mr. Dineen has certain constitutional rights which he
does not wish to waive by providing discovery in this civil suit.

    Counsel for the plaintiff is obviously anxious to proceed with
at least limited discovery and feels that some of the defendants
can provide discovery to him.  The defense attorneys believe that
proceeding in that manner, with piecemeal discovery would not be
beneficial to the interests of any of the parties.  It is our
belief that although some discovery may be able to take place, in
the end the significant discovery will not be able to be done until
Mr. Dineen can fully participate in the defense of the claims
asserted against him.

    Counsel for the plaintiff contacted your chambers on May 9 to
advise you of these issues.  We were directed to submit to you in
writing an outline of the issues, and to request that a conference
be scheduled to address these issues, prior to the scheduling
conference.   Accordingly, after you have had an opportunity to
review this correspondence please advise counsel if you wish to
conduct either a telephone conference or an in person conference to
discuss these issues prior to the scheduling conference.
Specifically, counsel would like to know whether Your Honor is
inclined to stay all proceedings pending the resolution of the
criminal claims against Mr. Dineen, or prefer to stay only the
discovery with respect to John Dineen, the alleged operator of the
vehicle involved in the accident.

                              Respectfully submitted,


                              THOMAS W. MATTHEWS

TWM/oac

cc:  Adam B. Sattler, Esq.
     Jack A. Maloof, Esq.